Azriel Madmoni, Appellant,
against
Socratis Sellas, Respondent. 




Azriel Madmoni, appellant pro se.
Law Office of Michael H. Joseph, PLLC (Michael H. Joseph of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens Count (Mojgan Cohanim Lancman, J.), entered April 27, 2018. The judgment, entered pursuant to a decision of that court dated August 28, 2017, after a nonjury trial, dismissed the complaint.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated August 28, 2017 is deemed a premature notice of appeal from the judgment entered April 27, 2018 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this action in the Supreme Court, Queens County, seeking to recover the principal sum of $50,000,000, based on defendant's alleged acts of identity theft, unauthorized use of plaintiff's credit, and breach of written promises to pay charges defendant had accrued on plaintiff's charge cards. Defendant denied liability. After issue was joined, the matter was transferred to the Civil Court, Queens County, pursuant to CPLR 325 (d).
At a nonjury trial, plaintiff testified that defendant had procured plaintiff's confidential information, increased the credit limits on plaintiff's charge cards, procured additional credit [*2]cards which named plaintiff as the primary account holder, and made purchases and accrued charges in plaintiff's name, all without plaintiff's permission. Plaintiff further asserted that defendant had subsequently made and breached two written promises to pay plaintiff, and that, as a result of defendant's actions, plaintiff's credit rating had been damaged and he had experienced financial hardship and emotional suffering. On cross-examination, plaintiff conceded that he had not been held responsible for any of the debt that defendant had accrued in his name. Plaintiff failed to demonstrate how defendant's alleged actions had affected his credit score. 
Following the trial, the Civil Court dismissed the complaint, finding that plaintiff's testimony had been contradictory, exaggerated, and incredible; that plaintiff had failed to demonstrate how defendant had obtained his personal information; that plaintiff had failed to establish that defendant had made unauthorized use of his personal information; and that plaintiff had failed to provide medical substantiation of his claims of maladies caused by the alleged identity theft. The court remarked that a written "agreement" plaintiff relied on for his claim that defendant had promised to pay him $18,000 per month for a year was unenforceable, at least in part because plaintiff had produced only a photocopy of the document, with no explanation as to why an original had not been produced, and that, in addition, the document, which indicated that defendant's use of plaintiff's personal information had been authorized, undermined plaintiff's principal contention in the case.
Upon our independent review of the record, and giving due deference to the Civil Court's express credibility determination, we find no basis to disturb the court's dismissal of the complaint.
Accordingly, the judgment is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 6, 2019